14-3723(L)
*Vogel v. CA, Inc.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of October, two thousand sixteen.

Present:
> DEBRA ANN LIVINGSTON,
> RAYMOND J. LOHIER, JR.,
> *Circuit Judges*,
> JED S. RAKOFF,
> *District Judge*.[*]

---

HOWARD VOGEL,

> *Plaintiff-Appellant*,

> v.                                                              Nos. 14-3723, 15-3797

CA, INC.,

> *Defendant-Appellee*.

---

For Plaintiff-Appellant:          MEGAN L. PILTZ, Sabatini & Associates, LLC, Newington, Connecticut

For Defendant-Appellee:          HOLLY L. CINI, Jackson Lewis P.C., Hartford, Connecticut

---

[*] Judge Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

1

**UPON DUE CONSIDERATION WHEREOF** it is hereby **ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED in part and VACATED and REMANDED in part**.

In this consolidated appeal, Plaintiff-Appellant Howard Vogel appeals from two judgments of the United States District Court for the District of Connecticut (Bryant, *J.*), dated September 8, 2014 and November 23, 2015, granting summary judgment in favor of Defendant-Appellee CA, Inc. ("CA") on all of Vogel's claims. Vogel asserted claims for employment discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2, 2000e-3, and analogous state law claims under the Connecticut Fair Employment Practices Act ("CFEPA"), Conn. Gen. Stat. § 46a-60, *et seq.* We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review, elaborating only as necessary.

In 2005, Vogel began working for CA, a company that sells computer software and software support services. In late 2009, he joined a new team within CA, the India Service Provider team. On this team, each of four U.S.-based Account Directors (of which Vogel was one) was matched with an India-based CA counterpart, and each U.S.-based team was matched with an India-based team to work with an India service provider. The team's founder, Dennis Kozak, recruited Vogel to the team. In January 2010, Steve Perlman took over management of the team. In February, Vogel reported to Human Resources that he believed his role on the team was being defined in part by his race. He testified in his deposition that for the rest of his time on the team, he experienced harsh treatment from his supervisor Perlman. Throughout 2010, Vogel did not meet his sales quotas. In fact, he failed to make a single sale that qualified

toward his sales quotas.  In December 2010, CA fired Vogel, citing his failure to meet performance metrics as the reason for his termination.

Vogel sued in federal court, alleging he had been discriminated against on the basis of his race and national origin, and retaliated against for complaining about that discrimination.  The district court granted summary judgment to CA on Vogel's Title VII claims, and declined to exercise supplemental jurisdiction over his state law claims.  Vogel then filed his CFEPA claims in state court, and CA removed that lawsuit to federal court.  The district court then granted summary judgment in favor of CA on Vogel's state law claims for substantially the same reasons it had done so on Vogel's federal claims.  Vogel timely appealed.

## I.    Discussion

We review the district court's grant of summary judgment de novo, considering the evidence in the light most favorable to the non-moving party and drawing all inferences in his favor.  *Kirkland v. Cablevision Sys.*, 760 F.3d 223, 224 (2d Cir. 2014) (per curiam).  All of Vogel's claims are governed by the three-step burden-shifting framework outlined in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).  *Kirkland*, 760 F.3d at 225; *Summa v. Hofstra Univ.*, 708 F.3d 115, 125 (2d Cir. 2013); *Craine v. Trinity Coll.*, 791 A.2d 518, 530–31, 531 n.6 (Conn. 2002).  "Once an employee makes a prima facie case of either discrimination or retaliation, the burden shifts to the employer to give a legitimate, non-discriminatory reason for its actions.   If the employer does so, the burden then shifts back to the plaintiff to show that the employer's explanation is a pretext for . . . discrimination or retaliation."  *Kirkland*, 760 F.3d at 225 (citations omitted).

As to Vogel's claims of race and national origin discrimination, the district court held that Vogel had not established a prima facie case because he had not adduced evidence from

3

which a reasonable juror could conclude that any adverse employment action taken against Vogel occurred under circumstances giving rise to an inference of discrimination.[1]   We agree. Vogel contends that a comment made by Kozak that "Indians would rather deal with Indians" suggests discriminatory intent.   However, this comment was made shortly before Kozak recruited Vogel to work on the India Service Provider team, undercutting any inference of discriminatory intent, and was made by Kozak, not by Perlman, who was the individual responsible for the adverse employment actions of which Vogel complains.   *See Tomassi v. Insignia Fin. Grp., Inc.*, 478 F.3d 111, 115 (2d Cir. 2007) ("[T]he more remote and oblique the remarks are in relation to the employer's adverse action, the less they prove that the action was motivated by discrimination."), *abrogated on other grounds by Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167 (2009).   Vogel next relies on a comment allegedly made by Perlman that "Vogel did not work well and play well with the guys in India," but this remark also does not support an inference of discrimination, given that it is undisputed that Vogel's working relationship with the members of his team based in India was tense.   Finally, Vogel points to the transfer of some of his duties and projects to the India-based team as evidence of discriminatory intent, but he adduced no evidence indicating this shift was motivated by race or national origin—particularly where, as here, there is no evidence that Vogel's white, non-Indian colleagues also had their duties similarly shifted.   *Cf. Leibowitz v. Cornell Univ.*, 584 F.3d 487, 503 (2d Cir. 2009) (holding inference of discriminatory intent could be drawn where plaintiff and several other women over fifty were laid off, and plaintiff's responsibilities were transferred to male employees,

---

[1] To establish a prima facie case of race or national origin discrimination, a plaintiff must put forth evidence that "(1) he belongs to a protected group; (2) he was qualified for his position; (3) his employer took an adverse action against him; and (4) the adverse action occurred in circumstances giving rise to an inference of . . . discrimination."   *Kirkland*, 760 F.3d at 225.

and she was not considered for open positions), *superseded by statute on other grounds*. The district court correctly held that Vogel had not sustained even the de minimis burden of establishing a prima facie case of race or national origin discrimination under either Title VII or the CFEPA.

Vogel's retaliation claims present a different issue. To establish a prima facie case of retaliation, a plaintiff must put forth evidence that (1) he engaged in protected activity (such as complaining about discrimination); (2) his employer knew about it; (3) his employer took adverse action against him; and (4) there is a causal connection between his protected activity and the adverse employment action. *Summa*, 708 F.3d at 125. The central issue on appeal is whether Vogel established an adverse employment action. For the purposes of a retaliation claim, an adverse employment action must be "materially adverse," that is, it must be "harmful to the point that [it] could well dissuade a reasonable worker from making or supporting a charge of discrimination." *Hicks v. Baines*, 593 F.3d 159, 165 (2d Cir. 2010) (quoting *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 57 (2006)). "[N]ormally petty slights, minor annoyances, and simple lack of good manners will not create such deterrence." *White*, 548 U.S. at 68. The context in which the claimed adverse employment action occurs matters, and "the alleged acts of retaliation need to be considered both separately and in the aggregate, as even minor acts of retaliation can be sufficiently 'substantial in gross' as to be actionable." *Hicks*, 593 F.3d at 165.

Discussing Vogel's Title VII retaliation claim, the district court observed that "[a]n adverse employment action is a 'materially adverse change in the terms and conditions of employment.'" J.A. 357 (quoting *Mathirampuzha v. Potter*, 548 F.3d 70, 78 (2d Cir. 2008)) (emphasis omitted). For a retaliation claim, however, "the retaliatory act [need not] bear on the terms or conditions of employment," *Hicks*, 593 F.3d at 169, so long as "the employer's actions

5

were harmful to the point that they could well dissuade a reasonable worker from making or supporting a charge of discrimination," *id.* at 169 (quoting *White*, 548 U.S. at 57) (internal quotation marks omitted) (alteration omitted). The district court thus erred by examining only whether Vogel adduced sufficient evidence for a reasonable jury to conclude that he experienced a material shift in his employment duties or termination as a result of his protected activity.

Based on Vogel's testimony, a reasonable jury could conclude that after Vogel reported to Human Resources that he suspected he was being discriminated against on the basis of race, Perlman singled him out for hostile treatment. Vogel testified that from the time of his complaint until his termination, Perlman was persistently hostile toward him on team conference calls, made jokes about him in front of his colleagues, and removed him from meetings. He also testified that during a discussion about his performance review in April 2010, Perlman yelled at him, called him names, told him that his actual performance was irrelevant, and said he did not want Vogel on his team. (Perlman allegedly again said he did not want Vogel on his team during a call with Human Resources a few months later.) For the purpose of his retaliation claims, Vogel's testimony concerning Perlman's treatment of him (particularly in light of both Vogel's allegation that Perlman repeatedly stated Vogel was not wanted on Perlman's team and Vogel's eventual termination) was sufficient to support a prima facie case that Vogel was subjected to adverse employment action. *See Rivera v. Rochester Genesee Reg'l Transp. Auth.*, 743 F.3d 11, 26–27 (2d Cir. 2012).

The district court held that Vogel's retaliation claims also failed because he could not establish that his complaint caused his termination, and even if he had, he had not overcome CA's legitimate, nonretaliatory motive for terminating Vogel (namely, his poor performance). As to causation, Vogel testified that Perlman's treatment began shortly after Vogel's complaint

6

to Human Resources, and close temporal proximity is enough to establish causation at the prima facie stage. *Zann Kwan v. Andalex Grp. LLC*, 737 F.3d 834, 845 (2d Cir. 2013). Given the district court's legal error as to adverse employment action in the retaliation context, we decline to address the balance of the *McDonnell Douglas* analysis in the first instance, and conclude that Vogel established a prima facie case without reaching the question whether he adduced sufficient evidence to support a reasonable jury verdict as to his retaliation claims.

## II.     Conclusion

We have considered Vogel's remaining arguments and find them to be without merit. We **AFFIRM** the judgment of the district court as to Vogel's discrimination claims, and we **VACATE** and **REMAND** as to Vogel's retaliation claims, brought pursuant to both Title VII and the CFEPA, for further proceedings consistent with this summary order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

7